## Julbe *v.* Guzmán.

Apelación procedente de la Corte de Distrito de Humacao.

No. 543.—Resuelto en junio 20, 1911.

Partición de Herencia—Informe del Contador Partidor—Base para su Impugnación.—Para que este tribunal pueda examinar los hechos que sirven de fundamento a una impugnación contra el informe de un contador partidor de una herencia, aprobado por el tribunal inferior, es necesario que vengan en los autos los antecedentes o datos que sirvieron de base al contador partidor para redactar su informe.

Id.—Impugnación del Informe del Contador Partidor—Precio de un Dollar Consignado en una Escritura.—Impugnado el informe presentado por el contador partidor de una herencia por haber aprobado ciertos créditos a favor del administrador judicial y al mismo tiempo heredero, porque en la escritura referente a dichos créditos, sólo se consignó como causa del contrato o precio, la suma de un dollar, se resolvió que la expresión de tal cantidad en la escritura no es obstáculo para que a falta de fraude o perjuicio, se pruebe ante la corte el verdadero precio o causa de dicho contrato.

Los hechos están expresados en la opinión.

Abogados de la apelante: *Sres. Vías Ochoteco y Ferrer.*

Abogado del apelado: *Sr. Eduardo Acuña.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

Da. Victoria López Julbe falleció en el año 1906, sin otorgar testamento. Estaba casada al tiempo de su fallecimiento, con Don Julio D. Guzmán, de cuyo matrimonio tuvieron un hijo que murió antes que la madre. Dólores Julbe, madre de Victoria López y Julio D. Guzmán, esposo de la difunta, fueron declarados sus herederos por la Corte de Distrito de Humacao. Julio D. Guzmán fué nombrado administrador judicial. No habiendo las partes podido llegar a un acuerdo con respecto al inventario y división del caudal hereditario, la corte nombró un contador, que equivale a un (*master*) en la práctica americana, pero que en nuestra práctica se conoce con el nombre de contador partidor. Este contador presentó su informe a su debido tiempo. Las partes celebraron una estipulación en la que convinieron que se quitaran ciertas deudas, así como otras cosas, dictando luego la corte la siguiente resolución:

"Distrito Judicial de Humacao. Corte de Distrito. Dolores Julbe, Vda. de López, *ex parte.* Abintestato de Victoria López. Nomb. Administrador Judicial.—Orden.—Aprobado con las modificaciones que abajo se expresan el informe que antecede, de acuerdo con la estipulación escrita y leída en corte abierta que se acompaña, en la cual se conviene que la cuenta a favor de Don Antonio Roig sólo asciende a la suma de $13,313.67.

| | |
|---|---:|
| Deducida esta cantidad del total de las deudas, quedan éstas reducidas a la suma de | $41,893.38 |
| Y siendo el valor del cuerpo general de bienes, | 85,326.84 |
| Quedan a repartir deducida las deudas | 41,893.38 |
| Balance | 43,433.46 |
| Las bajas comunes montan a | 32,411.90 |
| Siendo por tanto el caudal a repartir como gananciales | 11,021.56 |
| Y corresponde a cada cónyuge | 5,510.78 |

(A la vuelta)

(De la vuelta)

En la parte correspondiente a la difunta
tiene el cónyuge superviviente una tercera
parte de usufructo igual en este caso a____ $ 1,836.92

Y queda como remanente a favor de la here-
dera de aquélla_____ 3,673.85

A esta suma hay que cargarle intereses lega-
les desde el 1 de enero de 1907 en que co-
menzó la pensión asignada a dicha Señora
o sea por un período de 36 meses más o
menos _____ 661.14

Que hace un total a su favor de_____ 4,334.99

Y deduciendo al anticipo de ochocientos do-
llars y pensión mensual de cien dollars por
igual periodo que asciende a_____ 3,500.00

Queda como remanente líquido a favor de
la heredera Da. Dolores Julbe, Vda. de
López _____ 834.99

Y sigue la corte haciendo otros pronunciamientos que no afectan a los méritos de esta apelación.

Ambas partes comparecieron y pusieron de manifiesto ante este tribunal el hecho de haberse negado la corte inferior a aprobar un pliego de excepciones o exposición del caso, sosteniendo esta corte dicha negativa fundándose en que la prueba sobre la cual actuó la corte inferior debe encontrarse toda ante la misma, y que cualquiera que fuera la que tuviera para dictar su resolución podía ser certificada y remitida a este tribunal como ordinariamente se hace, no siendo necesario el darle forma a las declaraciones de los testigos. Sin embargo, según están certificados los autos, ellos solamente contienen el informe del contador partidor y ninguno de los datos de que dispuso en la preparación del referido informe. Por consiguiente, este tribunal no ha podido tomar en consideración las alegaciones orales de los abogados referentes a los hechos, por no haber tenido medios suficientes para ello.

La resolución apelada es la misma que la del caso No. 548. En este caso la parte apelante es la madre. El primer fundamento que alega como error es que la corte no tenía facultad para concederle la suma de $661.14 como intereses, y luego rebajarle $3,500 de su participación en la herencia. No hemos podido comprender la fuerza de esta objeción. La Sra. Da. Dolores Julbe recibió $800 en efectivo y $100 mensuales posteriormente como pago de una pensión. Es cierto que la ley expresa que alguna cantidad debe pagársele por los frutos y productos que pudieran obtenerse en la herencia pendiente de la división, pero parece ser que el contador partidor calculó estos frutos y productos en la suma total de $39,945.69, según tuvimos ocasión de considerar en el caso No. 548, que acaba de fallarse. En verdad que parece existir alguna duda con respecto a la facultad de la corte para concederle la suma de $661.14 como cantidad adicional, pero no habiendo la otra parte hecho esta cuestión objeto de apelación, no vemos razón por la cual debamos intervenir con la discreción de la corte.

El otro error que se alega se refiere a ciertos créditos que se hicieron a favor de Julio D. Guzmán en el informe del contador partidor. Alega el apelante que la simple manifestación de Don Julio D. Guzmán referente al dinero que debía a sus hermanas, no era suficiente ante la escritura que se otorgó a su favor, en que la causa resultaba ser la suma de un dollar. Con frecuencia se expresan en escrituras causas nominales y a falta de una prueba de fraude o de haber sido perjudicado el apelante, el hecho de que fuera otra la causa podría probarse de cualquier modo satisfactorio para la corte. No hay nada en los autos que muestre como se presentó la prueba. Además, esta corte resolvió en otro caso que el convenio celebrado entre Guzmán y sus hermanas era válido.

El otro fundamento de error consiste en haberse incluído indebidamente una cuenta de Swift & Co., pero resulta que ésta fué pagada durante el curso de la administración y mien-

tras el activo aumentaba en valor para beneficio de todo el caudal, habiendo el apelante obtenido el beneficio del mismo por el aumento a que hemos hecho referencia.

Y el único otro error que se alega es que la corte debió haber dado al apelante el beneficio de los $28,341.04, a que hizo referencia el contador partidor en el artículo 8 de su informe. Hemos examinado el informe, y según podemos entender la alegación del abogado, esta suma de $28,341.04, fué debidamente distribuída, y la objeción parece hacer referencia al hecho de no haberse concedido una suma mayor a la de $661.14, la cual ya hemos discutido. Debe confirmarse la sentencia.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández, y Asociados MacLeary y del Toro.

El Juez Asociado Sr. Aldrey, no tomó parte en la resolución de este caso.